IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JUSTIN COOK,**

        **Plaintiff,**

**v.**                                                    **Civil Action No. 3:07cv91**
                                                    **(Judge Bailey)**

**JIM RUBENSTEIN, et al.**,

        **Defendants.**

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

      The *pro se* plaintiff initiated this case on July 19, 2007, by filing a civil rights complaint against the above-named defendants. On July 2, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This case is now before the Court on the Plaintiff's Motion for Injunctive Relief, filed September 10, 2007. In his motion for injunctive relief, the plaintiff requests that the Court order that the court order "defendant, Jim Rubenstein, his successors, agents, officers, correctional magistrates, and any other employee who bears a responsibility to plaintiff to restore his good time credits pending the outcome of this action and stop any violations of plaintiff's rights."

      The standard for preliminary injunctions in the Fourth Circuit is established by <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

      (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

      (2) the likelihood of harm to the defendant if the requested relief is granted,

      (3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal authorized to make such a determination, or called into
>
> question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Because the plaintiff is seeking restoration of good time credits lost through a disciplinary proceeding, it is clear that a decision favorable to the plaintiff in this case "would necessarily imply the invalidity of his conviction or sentence"[1] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff cannot establish a likelihood that he will succeed on the merits of his claim regarding the disciplinary proceeding. In addition, the plaintiff's request that the Court order "a stop to any violations of his rights" is generally vague, and in fact, does not even specify the type of additional injunctive relief requested. Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 11) be **DENIED**.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the John Preston Bailey, United States District Judge. Failure to timely file

---

[1] Specifically, the Court would be invalidating his conviction of a disciplinary infraction as determined by the prison magistrate. The plaintiff must seek restoration of good time credits lost through a disciplinary action through a habeas corpus petition and not a civil rights complaint.

objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: May 30, 2008

                  /s/ Jams E. Seibert
                  JAMES E. SEIBERT
                  UNITED STATES MAGISTRATE JUDGE